RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/28/14
JDK

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONICA H. PHILLIPS<br>LA. DOC #429550 | DOCKET NO. 1:14-CV-2328; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN TIM KEITH | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Pro se petitioner Jonica H. Phillips filed the instant petitions for writ of habeas corpus on July 16, 2014. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and he is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. Petitioner attacks his 2007 conviction in Louisiana's Thirty-Fifth Judicial District Court, Grant Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural Background*

Petitioner previously filed habeas corpus petitions pursuant to §2254 in consolidated cases #10-833 and #10-834 in this District Court on May 12, 2010, attacking his conviction in the Thirty-Fifth Judicial District Court, #07-226/07-185. The petitions were consolidated and denied and dismissed, with prejudice. See Phillips v. Wilkinson, 2010 WL 3943559 (W.D.La. Oct 07, 2010) (Docket No. 1:10-CV-833) and 2010 WL 4642457 (W.D.La. Nov 09,

2010) (Docket No. 1:10-CV-0834). Certificate of appealability was denied. Petitioner has now filed this 2254 petition attacking the same underlying conviction(s).

In the prior habeas cases, the Court found that petitioner was not entitled to relief because his claims of insufficiency of the evidence, excessiveness of sentence, and prosecutorial misconduct were not fairly presented to the Louisiana Supreme Court and therefore remained unexhausted, and were also procedurally defaulted; moreover, petitioner had not shown cause for or prejudice or a miscarriage of justice resulting from the refusal of the Court to address the merits of these claims. Further, the Court noted that, even if the merits of those claims were addressed petitioner would not be entitled to habeas corpus relief. Finally, with respect to those claims that were fully exhausted, petitioner did not show that he was entitled to relief. See <u>Phillips v. Wilkinson</u>, 2010 WL 3950725 (W.D.L.A. Doc. #10-833).

*Law and Analysis*

Because this is a second or successive petition under §2254, before it may be considered by the District Court, petitioner is required to obtain authorization to file this §2254 petition from the Fifth Circuit in accordance with 28 U.S.C. §2244(b)(3)(A) which provides in part, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district

court to consider the application." The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

In In re Epps, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. Epps implies that the transfer of successive habeas corpus petitions to the Fifth Circuit for consideration under §2244 is proper. Moreover, transfer of this case appears appropriate and authorized under 28 U.S.C. §1631 which provides in part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred...."

**IT IS THEREFORE RECOMMENDED** that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for determination as to whether authorization to file a second or successive petition should be granted in accordance with 28 U.S.C.

§ 2244(b)(3)(A).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 27th day of August, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE